IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **PLAINTIFF** | * | |
| | * | |
| v. | * | CR. NO. 2:06CR122-MEF |
| | * | |
| **CALVIN CHANCE,** | * | |
| **DEFENDANT** | * | |

**MOTION TO ALTER, AMEND OR VACATE**

Comes now Defendant, Calvin Chacne, by and through counsel of record, and moves the Court to alter or amend its Judgment and in support thereof states as folows:

1. During the sentencing hearing in the above styled cause, Defendant raised an objection to the pre-sentence investigation report with respect to the sentence to be imposed running concurrent with a sentence given Defendant for violation of his supervised release.

2. After oral arguments, the Court determined to grant in part and deny in part Defendant's objection thereby running 168 months of Defendants 180 month sentence to Defendant's sentence imposed by Judge Hobbs in case 2:00CR147-001.

3. The Court's Judgment was entered by the Clerk on December 6, 2006.

4. Judge Hobbs sentenced defendant to 30 months confinement for violation of his supervised release.

5. In considering the merits of Defendant's argument with respect to running the sentences concurrent, the court opined that Judge Hobbs must have been very concerned with Defendant's conduct to have given Defendant such a harsh sentence.

6. Upon reflection on the Court's concerns, Defendant advised counsel that Judge Hobbs

sentenced Defendant to 30 months in order for Defendant to be able to take advantage of the Bureau of Prisons intensive drug treatment program which requires a minimum amount of time to be served in order to complete the program. In other words, Judge Hobbs was not as much concerned with an adequate punishment as he was with Defendant being able to receive appropriate treatment.

7. This Court may recall asking Defendant how many times he had to appear before Judge Hobbs to incur such a harsh sentence. Defendant responded that he appeared before Judge Hobbs twice; once for drug use and once for not going straight home after attending an AA meeting. In that instance, he was observed by his supervising probation officer at a restaurant. This explanation seems consistent with the actual concern of Judge Hobbs relating to Defendant receiving treatment resulting in a rather lengthy term of incarceration.

Wherefore, the above matters considered, Defendant prays this Court reconsider its Final Order and alter or amend its Judgment thereby permitting Defendants entire sentence to run concurrent with the sentence he received in case 2:00CR147-001.

Respectfully submitted this day, December 7, 2006.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Bar Number HAL021
Attorney for Calvin Chance

Of Counsel:
Timothy C. Halstrom
Bar # HAL021
Attorney At Law
4170 Lomac Street
Montgomery, Alabama 36106
(334)272-6464

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 7, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the respective parties.

      /s/Timothy C. Halstrom  
      Timothy C. Halstrom  
      Bar Number HAL021