IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:06-cr-122-MEF |
| | ) | |
| CALVIN CHANCE | ) | |

### RESPONSE TO MOTION TO ALTER, AMEND OR VACATE

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the above-captioned motion as follows:

1. On December 7, 2006, Defendant Chance filed a motion to run the sentence he received by this Honorable Court concurrent with the 30 month sentence Judge Truman Hobbs imposed upon the defendant in case 2:00CR147-001. The defendant argues the 30 month sentence imposed by Judge Hobbs was to enable the defendant to obtain the benefit of the intensive drug treatment program administered by the Bureau of Prisons. For three main reasons the United States opposes running any of the defendant's sentence in the instance case concurrent with the 30 month term imposed in case 2:00CR 147-001.

2. First, the defendant speculates his 30 month sentence was designed to allow the defendant to obtain the benefit of the Bureau of Prisons intensive drug treatment program. While defendant's participation in that program may be beneficial, "it is inappropriate to imprison or extend the term of imprisonment of a federal defendant for the purpose of providing him with rehabilitative treatment." United States v. Brown, 224 F.3d 1237, 1240 (11th Cir. 2000) (quoting United States v. Harris, 990 F.2d 594, 597 (11th Cir. 1993)). Thus, the length of sentence could not have been calculated solely by the need for drug treatment. Assuming the court imposed the sentence to facilitate drug treatment

of the defendant, the concurrent nature of the instant sentence will not interfere with the defendant receiving the benefit of drug treatment.

    3.  Next, running the instant sentence concurrent with the 30 month sentence in case 2:00CR147-001 will eliminate any punishment of the defendant for violating the conditions of supervised release.  Statutorily, Judge Hobbs had to consider a variety of factors, including the need to punish the defendant before deciding what punishment, if any, to impose for the defendant violating the terms of his supervised release.  "Whether terms of supervised release are to be served concurrently or consecutively is 'a question that [18 U.S.C.] § 3584(a) entrusts to the [district] court's discretion.'"  United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006) (quoting United States v. Quinones, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (committing discretion to district court under 18 U.S.C. § 3584(a), which states that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . .")  To the extent the 30 month sentence was punitive, the defendant should raise the matter before Judge Hobbs to determine to what extent, if any, to lessen the defendant's 30 month sentence.

    4. Finally, the consecutive sentence imposed by this Honorable Court is reasonable in light of the facts to be considered in imposing sentence, and in light of the defendant's benefit from a substantial downward departure at sentencing for the offense which generated the supervised release term violated by the defendant. The defendant submits no new information, other than speculation, for this Honorable Court to consider.  This Honorable Court knew about the sentence imposed by Judge Hobbs in case 2:00CR147-001 and no sufficient reason is shown by the defendant to change the sentence in the instant case.

Respectfully submitted this 29th day of December, 2006.

                                      LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      s/Terry F. Moorer
                                      TERRY F. MOORER   ASB-1176-O73T
                                      Assistant United States Attorney
                                      One Court Square, Suite 201
                                      Montgomery, AL 36104
                                      Phone: (334)223-7280
                                      Fax: (334)223-7135
                                      E-mail:terry.moorer@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:06-cr-122-MEF |
| | ) | |
| CALVIN CHANCE | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Timothy C. Halstrom, Esquire.

    Respectfully submitted,

    s/Terry F. Moorer
    TERRY F. MOORER
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: terry.moorer@usdoj.gov
    ASB-1176-O73T